**IN THE COURT OF APPEALS OF IOWA**

No. 13-1775
Filed December 24, 2014

**IN RE THE MARRIAGE OF AMY J. DODSWORTH
AND MICHAEL R. DODSWORTH**

**Upon the Petition of
AMY J. DODSWORTH,**
        Petitioner-Appellee,

**And Concerning
MICHAEL R. DODSWORTH,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Monica L. Ackley, Judge.


        Michael Dodsworth appeals the district court decision dismissing his allegations Amy Dodsworth was in contempt of the provisions of the parties' dissolution decree. **AFFIRMED.**


        Dennis R. Mathahs of Mathahs Law Office, Marengo, for appellant.

        Susan M. Hess of Hammer, Simon & Jensen, P.C., East Dubuque, Illinois, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

Michael and Amy Dodsworth divorced in 2011. They stipulated Amy would pay the first $250 of uncovered medical expenses and fifty percent thereafter. They also agreed to split physical care of their two children, subject to every-other-weekend visitation in one of the two homes. The dissolution decree incorporated their stipulation.

In time, Michael filed an application for rule to show cause why Amy should not be held in contempt of the decree's provisions. He asserted Amy failed to (1) pay $368.51 in uncovered medical expenses and (2) facilitate visitation. Following a hearing, the district court dismissed the application.

On appeal, Michael takes issue with the following fact findings made by the district court: (1) Amy had physical care of both children, and (2) he made the visitation exchange driving distances longer for Amy. He asserts the findings are "erroneous" and the court "may have ruled differently" had the court made the correct findings.

Iowa Code section 598.23 (2013), governing contempt in dissolution matters, permits but does not require a court to hold a person in contempt for violation of a dissolution decree. Iowa Code § 598.23(1) ("If a person against whom a temporary order or final decree has been entered willfully disobeys the order or decree, the person may be cited and punished by the court for contempt and be committed to the county jail for a period of time not to exceed thirty days for each offense."); *In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995) (noting the statute "allows the trial court some discretion" and "a trial court is not required to hold a party in contempt even though the elements of contempt may

exist"). In deciding whether to hold a person in contempt, the court "may consider all the circumstances, not just whether a willful violation of a court order has been shown." *Id.* The court's discretion is broad and our review of the dismissal of a contempt application is for gross abuse of discretion. *Id.* We discern no abuse of discretion in the denial of this contempt application, gross or otherwise.

Everyone agrees the first challenged fact finding is incorrect; Amy did not have physical care of both children. But the court's mistaken finding had no bearing on the issues raised in Michael's application for rule to show cause. Amy had an obligation to pay a portion of the uncovered medical expenses and to facilitate visitation whether she exercised physical care over one or both children. Resolution of these issues turned on other circumstances disclosed in the record. Specifically, the district court found Amy lacked "the financial wherewithal to pay the additional uncovered medical expenses" and the "financial wherewithal to continue to drive the longer distances for the exchange of the children."

These pertinent findings are supported by Amy's testimony. She conceded she was behind in payments to medical providers but testified she did not have the ability to make those payments because she had to quit her part-time job after being diagnosed with a serious medical condition. She further testified the $275 per month in child support she received from Michael did not allow her to make ends meet.

As for visitation, Amy stated Michael unilaterally moved the visitation exchange location from a site they had been using for two years to a site "twelve

to fourteen minutes" further away. She spent about fifty dollars a week for gas, money she could ill afford without a job.

This brings us to Michael's second challenged fact finding concerning the driving distance for visitation exchanges. Michael contends he did not make Amy's driving distance longer, as the district court found, because "[t]here was no evidence presented that [he] has moved since the dissolution." This assertion is a red herring. As noted, Michael made Amy's driving distance longer not by moving but by unilaterally deciding to change the visitation exchange location.

We affirm the district court's dismissal of Michael's application for rule to show cause.

**AFFIRMED.**